September 24, 2021

**BY ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2202
New York, NY 10007

Re:   *Knight First Amendment Institute at Columbia University v. Federal Bureau of Prisons and U.S. Department of Justice*, No. 21 Civ. 6579 (JMF)

Dear Judge Furman:

On behalf of the parties in the above-referenced case brought by plaintiff the Knight First Amendment Institute at Columbia University ("the Knight Institute"), against the Federal Bureau of Prisons ("BOP") and the U.S. Department of Justice (collectively, "Defendants"), we write respectfully to provide a status update as directed by the Court's order dated September 20, 2021, Dkt. No. 22.

As the parties previously reported on September 17, BOP has identified several hundred pages of potentially responsive records, with one search still awaiting completion. Despite the parties' good faith efforts, the parties have been unable to reach agreement on a production schedule. The Knight Institute proposes that BOP review the identified records and produce all responsive, non-exempt records other than those requiring consultation pursuant to 28 C.F.R. § 16.7 by October 29, 2021, with the remainder produced by November 29, 2021. BOP proposes to review the identified records and produce all responsive, non-exempt records in three batches on October 29, November 30, and December 31, and if any additional records are located, to process them at 400 pages per month with continuing monthly productions. The parties set forth their respective positions below.

**A. Plaintiff's Position**

Thirteen weeks have now passed since the Knight Institute filed its request for records concerning the digitization and surveillance of mail sent to incarcerated individuals. Despite granting the Institute's request for expedited processing, Defendants have failed to release any responsive records or to adequately explain their failure to do so. The need for these records remains urgent. According to a spokesperson for the BOP, the agency is currently "considering the expansion of mail scanning pending funding." *See* Mia Armstrong, *Prisons are Increasingly Banning Physical Mail*, Slate (Aug. 9, 2021 5:40 AM), https://perma.cc/VZ2R-6VL9. It is

Honorable Jesse M. Furman
Page 2

essential that the public have the information it needs to analyze the wisdom and legality of the government's proposed mail digitization program *before* the government finalizes its decision. To that end, the Knight Institute asks the Court to order Defendants to produce the responsive records that have already been identified by November 29, 2021—with those not requiring consultation with third-party contractors to be produced by October 29, and the remainder to be produced by November 29. The Knight Institute asks that the Court order the government to process all additional responsive records at a rate of 1,000 pages per month.

The BOP proposes a processing rate of 400 pages per month, but in the circumstances, this rate is not a reasonable one. First, the rate the government proposes does not meaningfully account for the Institute's entitlement to expedited processing. The Request seeks records relevant to a decision that will be made imminently and that will affect the ability of thousands or millions of individuals to communicate by mail with loved ones in federal custody. Time is of the essence, and the processing rate should reflect that fact. Instead, the BOP has proposed a processing rate that is only marginally faster than its apparent standard rate of processing, which is 300 pages per month. The government defends its proposal by citing to cases in which the court ordered a comparable rate, but those cases do not support its position. In one of the lead cases it cites, for example, the court ordered the government to process records at a rate of 500 pages per month. That rate, however, does not appear to reflect an entitlement to expedited processing; it was "based on the parties' agreement," not independently determined by the court; and, in any event, it is faster than what the government has proposed here. *See Color of Change v. U.S. Dep't of Homeland Sec.*, 325 F. Supp. 3d 447, 451 (S.D.N.Y. 2018). The other cases the government cites are, for the most part, inapposite; in most of those cases, the government had not granted expedited processing, and so the courts in those cases were not ordering or approving those lower processing rates with that consideration in mind. Second, the government overlooks the fact that over three months have already transpired since the Institute submitted its request. The effective processing rate that the government is proposing is, as a result, far lower than 400 pages per month.

The processing rate the Knight Institute proposes, by contrast, is closer to (although far lower than) the rates that courts in this and other districts have imposed in recent cases, particularly where expedition has been warranted. In *Open Society Justice Initiative v. CIA*, for example, the court ordered the Departments of State and Defense to process records relating to the disappearance of journalist Jamal Khashoggi at a rate of 5,000 pages per month. *See* 399 F. Supp. 3d 161 (S.D.N.Y. 2019); *see also* Order at 3, *Open Society Just. Initiative v. DOD*, No. 20-cv-5098-JMF (S.D.N.Y Dec. 15, 2020), ECF No. 69 (ordering Defendants to process records at rates ramping up to 2,000 pages per month). And this district and others have regularly ordered agencies to process records responsive to FOIA requests at rates exceeding 1,000 pages per month. *See, e.g.*, *Seavey v. DOJ*, 266 F. Supp. 3d 241, 248 (D.D.C. 2017) (ordering the FBI to process 2,850 pages per month); *Elec. Priv. Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 218 F. Supp. 3d 27, 37 (D.D.C. 2016) (summarizing initial order requiring DHS to process at least 2,000 pages per month); *Clemente v. FBI*, 71 F. Supp. 3d 262, 264, 269 (D.D.C. 2014) (ordering the FBI to process 5,000 pages per month); Order, *Nat'l Immigr. Project v. U.S. Dep't of Homeland Sec.*, No. 18-cv-659-RA (S.D.N.Y. Apr. 6, 2018), ECF No. 55 (ordering DOS and DHS to process 1,500 pages per month); *cf Elec. Priv. Info. Ctr. v. FBI*, 933 F. Supp. 2d 42, 48 (D.D.C. 2013) (concluding that order requiring FBI to process "approximately 5,000 pages per month in another case demonstrates that the FBI is not facing such exceptional circumstances that it can only review 1,500 pages per

Honorable Jesse M. Furman
Page 3

month in response to EPIC's request"). The BOP has indicated that the number of pages of responsive records already identified would likely be approximately 1,000 pages. As such, the Knight Institute's proposed processing rate is both fair and well-supported by precedent.[1]

For these reasons, the Knight Institute requests that processing and production of records already identified be completed by October 29, 2021 and November 29, 2021, with all remaining responsive records subsequently processed and produced at a rate of 1,000 pages per month.

**B. Defendants' Position**

To allow an equitable allocation of agency resources across all FOIA cases and requests, courts typically require agencies to process records on a schedule of 300 to 500 pages a month.[2] *See, e.g.*, *NYCLU v. Admin. for Children & Families*, No. 20 Civ. 183 (MKV), Dkt. No. 30 (S.D.N.Y. May 5, 2020) (400 pages per month); *Color of Change v. United States Dep't of Homeland Sec.*, 325 F. Supp. 3d 447, 451 (S.D.N.Y. 2018) (500 pages per month); *Davis v. United States Dep't of Homeland Sec.*, No. 11-cv-203 (ARR) (VMS), 2013 WL 3288418, at *1 (E.D.N.Y. June 27, 2013) (500 pages per month); *Blakeney v. Fed. Bureau of Investigations*, No. 17-cv-2288 (BAH), 2019 WL 450678, at *2 (D.D.C. Feb. 5, 2019) (500 pages per month); *Middle E. Forum v. U.S. Dep't of Homeland Sec.*, No. 17 Civ. 767 (RCL) (GMH), 2018 WL 1178022, at *3–4 (D.D.C. Mar. 5, 2018) ("On this record, 500 pages per month is an appropriate rate of production."); *id.* at *3 n.3 (noting that, "[i]n a number of recent cases in this District, a production rate of 500 pages per month has been approved," and collecting cases); *Republican Nat'l Comm. v. U.S. Dep't of State*, No. 16 Civ. 486 (JEB), 2016 WL 9244625, at *1 (D.D.C. Sept. 16, 2016) (500 pages per month); *Energy & Env't Legal Inst. v. U.S. Dep't of State*, No. 17 Civ. 340 (D.D.C.), Minute Order of August 22, 2017 (300 pages per month); *Judicial Watch, Inc. v. U.S. Dep't of State*, No. 17 Civ. 205 (D.D.C.), Minute Order of June 30, 2017 (300 pages every four weeks); *Am. Ctr. for Law & Justice v. U.S. Dep't of State*, No. 16 Civ. 2516 (D.D.C.), Minute Order of June 27, 2017 (process 400 pages per month); *Citizens United v. U.S. Dep't of State*, No. 16 Civ. 67 (D.D.C.), Dkt. No. 17 at 3 (declining "to adopt Plaintiff's proposed production order of 2000 pages per month" and instead holding State "to its 300-page commitment"); *Freedom Watch v. Bureau of Land Mgmt.*, No. 16 Civ. 2320 (D.D.C.), Minute Order of June 13, 2017 (500 pages every 30 days); *Citizens United v. U.S. Dep't of State*, No. 15 Civ. 1720 (D.D.C.), Dkt. No 11 ¶ 10

---

[1] The Knight Institute is, of course, sensitive to the demands that the pandemic has placed upon BOP's FOIA processing unit, but the fact that ordering expedited processing may divert resources from other FOIA requests, especially those not also granted expedited processing, is not a basis for refusing to expedite processing.

[2] Plaintiff cites to *Open Soc'y Justice Initiative v. CIA*, 399 F. Supp. 3d 161, 162 (S.D.N.Y. 2019), but that case is an extreme outlier in which the Court ordered a federal agency to devote "more than 10% of the [agency's] full-time employee resources [for FOIA] for more than four years," *id.* at 166, and 25% of another agency's FOIA analysts. In doing so, the Court found that "exceptional" and "paramount public importance and urgency" of the public obtaining information regarding the killing of Jamal Khashoggi warranted "a higher commitment of resources . . . for this particular FOIA request." *Id.* at 167.

Honorable Jesse M. Furman
Page 4

(500 pages every four weeks); *Judicial Watch, Inc. v. U.S. Dep't of State*, No. 15 Civ. 687 (D.D.C.), Minute Order of April 4, 2017 (500 pages per month).

BOP's operations have been affected by the COVID-19 pandemic, resulting in modifications to its operational levels depending on certain pandemic-related factors.[3] These necessary operational changes have also affected BOP's ability to process FOIA requests: "BOP has adjusted its normal operations to balance the needs of completing its mission as effectively and efficiently as possible while also adhering to the recommended social distancing for the safety of [its] staff."[4] BOP's FOIA Office consists of only 19.7 full-time-equivalent staff members, who not only handle thousands of FOIA requests each year but also handle certain COVID-related tasks, such as the following: (a) staff supplemented regular correctional staff at a correctional facility; (b) staff continue to spend approximately 50 hours/week to send medical records (and have already sent 6,000 sets of records totaling nearly 1,000,000 pages) to inmates' attorneys in support of motions for compassionate release and requests for home confinement, with a goal of providing the records within 24 hours of receipt of the request; (c) because BOP's FOIA Office's phone numbers and emails are public information, the office also received and continues to receive an unusually high volume of calls and emails unrelated to FOIA, usually related to family members and friends trying to find out if a loved one is healthy, but still require response; and (d) per DOJ guidelines, the FOIA Office reviews all requests for information and records responsive to numerous General Accounting Office audits of BOP, whose requests BOP is required to answer within 20 days.

Indeed, although BOP granted Plaintiff's request for expedited processing,[5] it noted in its response of June 29, 2021, that:

> Your request meets the requirement to be processed on an expedited basis and will be expedited to the best of our ability. This request will be placed on the processing track ahead of other requests and processed as soon as practicable. Processing this request may take up to six months.
>
> **Please be advised that due to necessary operational changes as a result of the national emergency concerning the novel coronavirus disease (COVID-19) outbreak, there may be some delay in the processing of your request.**

A processing rate higher than 400 pages per month would necessarily require BOP to divert resources away from other requests, including those in litigation. Orders to process at higher rates in specific cases necessarily has a direct and serious impact on BOP's overall FOIA program, resulting in an increased backlog, a substantially higher risk of additional litigation, and, most

---

[3] *See BOP COVID-19 Operational Levels*, https://www.bop.gov/coronavirus/covid19_modified_operations_guide.jsp (last accessed Sept. 23, 2021).

[4] *See Freedom of Information Act*, https://www.bop.gov/foia/ (last accessed Sept. 23, 2021).

[5] It also bears mention that the digitization program at issue ended in June 2021. *See* Answer ¶ 13.

Honorable Jesse M. Furman
Page 5

importantly, a significantly reduced ability to respond to other requests, many of which were filed prior to the request at issue in this case (and some of which have also been granted expedited processing). Additionally, diverting additional resources to this matter could pose a safety and security risk to inmates because it would adversely affect the FOIA Office's ability to respond to requests for medical records within its goal of 24 hours. Without the appropriate medical records, defense attorneys will be unable to make cogent motions for compassionate release or requests for home confinement based on medical reasons, including their clients' susceptibility to catching COVID.

Finally, a portion of the potentially responsive records were sent yesterday to a government contractor for review, in accordance with 28 C.F.R. § 16.7. BOP affords the contractor 30 days to respond, and after the contractor responds, BOP will work to resolve any objections with the contractor or to render a decision on the contractor's objections. BOP anticipates that it requires approximately 60 days to complete this process.

Accordingly, BOP respectfully submits that, in light of the caselaw supporting processing on a schedule of 300 to 500 pages a month, the effect of COVID-19 on BOP's ability to process FOIA requests, and the time necessary to resolve any objections with the contractor, BOP's proposed schedule is reasonable and should be adopted by the Court.

\* \* \*

Accordingly, the parties request an initial pre-trial conference for the Court to resolve the parties' dispute over the production schedule.

Respectfully submitted,

| | |
|---|---|
| /s/[6] _____ | AUDREY STRAUSS |
| Alex Abdo | United States Attorney |
| Stephanie Krent | |
| Alyssa Morones* | By: s/ Anthony J. Sun _____ |
| Knight First Amendment Institute at Columbia University | ANTHONY J. SUN |
| | Assistant United States Attorney |
| 475 Riverside Drive, Suite 302 | 86 Chambers St., 3rd Floor |
| New York, NY 10115 | New York, New York 10007 |
| (646) 745-8500 | (212) 637-2810 |
| stephanie.krent@knightcolumbia.org | |

*Not yet admitted to practice law*

---

[6] Consent for signature obtained pursuant to S.D.N.Y. ECF Rule 8.5(b).